**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| I. PEREZ, a minor, by and through his Guardian ad Litem, Israel Perez; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellant. | No.   21-55318 <br><br> D.C. No. 3:16-cv-01911-JAH-MDD <br><br> MEMORANDUM* |
| I. PEREZ, a minor, by and through his Guardian ad Litem; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | No.   21-55332 <br><br> D.C. No. 3:16-cv-01911-JAH-MDD |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted April 20, 2023
Pasadena, California

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW and KOH, Circuit Judges, and MCMAHON,[**] District Judge.

The United States appeals an award of damages to Plaintiffs Norma Perez and her son I. Perez in a Federal Tort Claims Act ("FTCA") action where it was found liable for negligence that occurred during I. Perez's birth, leaving I. Perez with permanent and severe physical and cognitive impairments. The Plaintiffs cross-appeal, contending that the district court clearly erred by awarding damages for facility care, as opposed to home care, to I. Perez after he turns 35 years old. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court in both appeals.

1. The district court did not err in awarding the noneconomic damages cap of $250,000 under California's medical malpractice statute, Cal. Civ. Code § 3333.2 (West 2022), to each Plaintiff. Under the FTCA, we apply California law because the malpractice during I. Perez's birth occurred in California. *See Daly v. United States*, 946 F.2d 1467, 1469 (9th Cir. 1991); *Taylor v. United States*, 821 F.2d 1428, 1430 (9th Cir. 1987). At the time of this action, section 3333.2(a) of the California Civil Code provided that "[i]n any action for injury against a health care provider based on professional negligence, the injured plaintiff shall be

---

[**] The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

entitled to recover noneconomic losses." Section 3333.2(b) limited the total amount of recoverable noneconomic damages, stating that "[i]n no action shall the amount of damages for noneconomic losses exceed two hundred fifty thousand dollars ($250,000)."

The United States contends that § 3333.2(b) limits the total recovery in this lawsuit to $250,000, because Norma Perez and I. Perez joined their claims together in one action and their claims arose out of the same incident of negligence. Because the California Supreme Court "has not squarely addressed" the issue of whether § 3333.2 applies to one lawsuit where multiple plaintiffs have joined their separate causes of action, "we must 'predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.'" *See Judd v. Weinstein*, 967 F.3d 952, 955–56 (9th Cir. 2020) (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

A plain reading of § 3333.2, combined with California case law, leads us to agree with the district court that California plaintiffs who have joined their separate medical malpractice causes of action may each recover the full noneconomic damages cap to which they would be entitled had they filed separate lawsuits. Here, I. Perez suffered permanent injuries from perinatal asphyxiation, and therefore has a claim against the United States for medical malpractice. Norma

Perez has a separate and independent cause of action for serious emotional distress and suffering both during childbirth and into the future. We note that the California Supreme Court has held that "a mother can recover damages for the emotional distress suffered as a result of a negligent delivery causing injury to her child" that is not "purely derivative" of her child's injury during childbirth. *Burgess v. Superior Court*, 831 P.2d 1197, 1199, 1202 (Cal. 1992). Because Norma Perez and I. Perez each have independent causes of action against the United States, under the plain text of § 3333.2(a), they are each entitled to receive noneconomic damages up to $250,000.

Indeed, in *Atkins v. Strayhorn*, 273 Cal. Rptr. 231 (Cal. Ct. App. 1990), the Fourth District Court of Appeal held that each plaintiff could separately recover the noneconomic damages cap in one consolidated case raising two causes of action, a husband's action for negligence and a wife's action for loss of consortium, stemming from the same incident of medical malpractice. *See id.* at 239. "Although [the wife's] cause of action arises from bodily injury to her husband," the court held that loss of consortium was a separate action as "the injury suffered is personal to her." *Id.* at 238. Similarly, while Norma Perez and I. Perez's injury arose out of the same incident of medical malpractice, they each suffered injury personal to each of them. The United States's reliance on *Yates v. Pollock*, 239 Cal. Rptr. 383 (Cal. Ct. App. 1987), is misplaced. That case held that

4

noneconomic damages in a wrongful death action were capped at $250,000 regardless of the number of plaintiffs. *See id.* at 386. But, as the Second District Court of Appeal itself noted in *Yates*, "the cause of action for wrongful death has been consistently characterized as 'a joint one, a single one and an indivisible one.'" *Id.* at 386 (quoting *Canavin v. Pac. Sw. Airlines*, 196 Cal. Rptr. 82, 93 (Cal. Ct. App. 1983)). Unlike Plaintiffs' separate actions for personal injury which could have been filed in separate lawsuits, "only one *action* [can] be brought for the wrongful death of a person thereby preventing multiple actions by individual heirs and the personal representative." *Id.* (quoting *Canavin*, 196 Cal. Rptr. at 93) (alteration in original) (emphasis in original).

2. The district court did not abuse its discretion by declining to establish a separate reversionary trust for I. Perez's future medical expenses that would be offset by his Tricare-covered care, government healthcare for the military that I. Perez qualifies for through his father. The United States contends that the current structure of the trust—placing all of I. Perez's future medical expenses into a reversionary trust with fixed periodic payments—impermissibly forces it to "pay twice" for I. Perez's medical expenses, because it requires that the United States pay a fixed sum whether or not I. Perez uses Tricare.

However, the district court did not structure the trust to require the United States to "pay twice." Instead, after a trial where the district court heard extensive

5

testimony that Tricare was not meeting I. Perez's needs, the district court found that "I. Perez should receive reasonably necessary medical care not covered by Tricare in a manner that does not otherwise enhance the damages award findings as provided for herein." The district court properly complied with California law, which provides that an award of payments shall, on the request of any party, be fixed at judgment, periodic, and "only . . . subject to modification in the event of the death of the judgment creditor," Cal. Civ. Proc. Code § 667.7(b)(1), and structured the award of payments to be "fixed and unalterable." The United States's proposed structure for the reversionary trust directly conflicts with California's requirement of fixed periodic payments as it suggests that the scheduled payment should be modified whenever I. Perez uses Tricare.

Because, as the United States concedes, I. Perez is not required to use Tricare-covered providers for future medical expenses, the district court did not abuse its discretion in calculating I. Perez's future medical expenses excluding Tricare coverage and structuring the reversionary trust with fixed payments for those medical expenses in accordance with California law.

3. Finally, the district court did not err when it awarded damages for home care for I. Perez from ages 3 to 35, and then damages for residential care at a facility for I. Perez from age 35. The district court's determination that Plaintiffs failed to establish by a preponderance of the evidence that home care would be

reasonably necessary after age 35 is a factual determination reviewed for "clear error." *Trevino v. United States*, 804 F.2d 1512, 1514 (9th Cir. 1986). An "award is clearly erroneous if, after a review of the record, we are 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* at 1515 (quoting *Shaw v. United States*, 741 F.2d 1202, 1205 (9th Cir. 1984)).

The district court's award of damages to I. Perez for facility care after the age of 35 is not clearly erroneous. Under California law, "an injured plaintiff is entitled to recover the reasonable value of medical services that are reasonably certain to be necessary in the future." *Cuevas v. Contra Costa Cnty.*, 217 Cal. Rptr. 3d 519, 534 (Cal. Ct. App. 2017). Here, Plaintiffs' own experts testified repeatedly that a residential care facility would reasonably meet I. Perez's needs once he reached adulthood. Plaintiffs identify no legal authority that requires the district court to award Plaintiffs their choice of home care over facility care. Thus, the district court did not clearly err in finding that facility care after age 35 would reasonably meet I. Perez's needs.[1]

**AFFIRMED.**

---

[1] Plaintiffs' motion to take judicial notice (Dkt. 26) is GRANTED.